PRICE LAW GROUP, APC
G. Thomas Martin, III (SBN 218456)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com
Attorney for Plaintiff
ANDRES CERVANTES

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRES CERVANTES,<br><br>  Plaintiffs,<br><br>  vs.<br><br>FINANCIAL CREDIT NETWORK;<br>and DOES 1 to 10, inclusive,<br><br>  Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

**COMPLAINT FOR DAMAGES**

**I.     INTRODUCTION**

1. This is an action for actual and statutory damages brought by plaintiff Andres Cervantes, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## **PARTIES**

2. Plaintiff Andres Cervantes (hereinafter "Plaintiff") is a consumer, a natural person allegedly obligated to pay any debt, and a citizen of the United States of America who presently resides in the following County, in the following state: Tulare County, in the state of California.

3. Defendant, Financial Credit Network (hereinafter "Defendant") is a debt collection agency and company engaged in the business of collecting debt in this state with its principal place of business located in Tulare County, in the state of California.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

Jurisdiction is asserted pursuant to the following statutory authorities:

6.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

7.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here. Because Defendant transacts business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

8.  Sometime before January 13, 2014, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such

obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff and placing collection call(s) to Plaintiff prior to January 13, 2014; seeking and demanding payment for an alleged consumer debt owed under an account number.

12.  Within one year prior to the filing of this complaint, Defendant has threatened to sue Plaintiff, itself, multiple times, when it knows that it does not have the requisite legal standing to sue Plaintiff, and that only the current creditor could sue Plaintiff.  Defendant has intentionally tried to mislead Plaintiff in attempts to coerce Plaintiff into making payments on the alleged debt.  Defendant could assist the current creditor in the process of getting an attorney to sue Plaintiff, and provide information to the current creditor and said attorney, but it cannot sue Plaintiff itself and retain any funds recovered from Plaintiff for itself.  These were misleading statements made by Defendant to Plaintiff.  The above-detailed conduct by Defendant was in violation of the FDCPA, namely including, but not limited to, violations of 15 U.S.C. §§ 1692d, § 1692e, § 1692e(5), § 1692e(10), and § 1692f.  These were communication(s), as defined under 15 U.S.C. § 1692a(2).

13. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the illegal manner in which this alleged debt was collected by this Defendant.

14. Plaintiff suffered actual damages as a result of the illegal collection communication(s) by this Defendant in the form of emotional distress, and upset, amongst other negative emotions.

15. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

16. Plaintiff repeats, realleges, and incorporates the averments contained in all of the above paragraphs of this complaint as though fully set forth herein.

17. Defendant violated the FDCPA. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable costs and attorney fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.  Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of intentional and/or negligent FDCPA violations; in amounts to be determined at trial and for Plaintiff.

B.  Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C.  Punitive damages.

D.  Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3), and the FCCPA.

E.  For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: April 4, 2014

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP, APC**
By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
*Attorney for Plaintiff*